Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 18, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a vulnerable elderly person in the second degree.
It is hereby ordered that the judgment so appealed from is reversed on the law and a new trial is granted on counts one through three of the indictment.
Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), and endangering the welfare of a vulnerable elderly person in the second degree (former § 260.32 [4]; People v Morrison, 90 AD3d 1554 [2011], lv denied 19 NY3d 1028 *1708 [2012], denied reconsideration 20 NY3d 934 [2012]). We subsequently granted defendant’s motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue that may have merit, i.e., whether County Court erred in failing to comply with CPL 310.30 in its handling of jury notes (People v Morrison, 128 AD3d 1424 [2015]), and we vacated our prior order. We now consider the appeal de novo.
We agree with defendant that the court violated a core requirement of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note, and thereby committed reversible error (see People v Mack, 27 NY3d 534, 538 [2016]; People v Silva, 24 NY3d 294, 299-300 [2014], rearg denied 24 NY3d 1216 [2015]; People v O’Rama, 78 NY2d 270, 277-278 [1991]). The record establishes that a jury note marked as court exhibit 8 stated that “[w]e have made decision on the Third Count we are having hard time with 1 and 2 just giving you are [sic] status.” Soon thereafter, a jury note marked as court exhibit 9 stated that “[w]e have arrived on decision on 2 and 3, but we have a lot of work to do on #1. I don[‘]t see it being quick. Not sure what to do. We ars [sic] starting to make way.”
It is well settled that, “when the trial court fails to provide counsel with meaningful notice of a substantive jury note, a mode of proceedings error has occurred and reversal is required” (Mack, 27 NY3d at 538). Here, the record establishes that the court brought the jury into the courtroom but did not read court exhibits 8 and 9 into the record, contrary to the procedure it employed with the previous notes sent by the jury. The court then instructed the jury to continue working to try to reach a unanimous verdict. We agree with the People that CPL 310.30 did not apply to court exhibit 8 inasmuch as the jury was not requesting “further information or instruction” (People v Collins, 99 NY2d 14, 17 [2002]), but we agree with defendant that court exhibit 9 was a substantive jury note requiring notice to defense counsel (see People v Kisoon, 8 NY3d 129, 135 [2007]; People v Victor, 139 AD3d 1102, 1108-1109 [2016], lv denied 28 NY3d 1076 [2016]). Thus, defense counsel was “deprived ... of the opportunity to accurately analyze the jury’s deliberations and frame intelligent suggestions for the court’s response” (Kisoon, 8 NY3d at 135).
We reject the People’s contention, and disagree with our dissenting colleague, that the jury’s inquiry was merely ministerial (cf. Mack, 27 NY3d at 537 n 1). Our dissenting colleague concludes that the jury’s statement, “[n]ot sure what to do,” was a ministerial inquiry concerning the logistics of the jury’s *1709 deliberations, i.e., the jury was asking whether it should continue deliberating that evening considering the late hour. We agree that the note could be interpreted that way, but we conclude that it also could be interpreted as it was interpreted by the court, i.e., the jury was having difficulty reaching a unanimous verdict and was making a substantive inquiry for guidance concerning further deliberations. In response to the note, the court issued an Allen-type charge. Quite simply, even if we consider all the surrounding circumstances, the jury note was ambiguous, and we must resolve that ambiguity in defendant’s favor (see People v Johnson, 64 NY2d 617, 618 n 2 [1984]; People v O’Donnell, 2 AD2d 971, 971 [1956]; see also People v Thompson, 26 NY3d 678, 687-688 [2016]).
We also reject the People’s contention that “special circumstances,” i.e., the presence of media in the courtroom, justified the departure from the O’Rama procedures (O’Rama, 78 NY2d at 278). There are no special circumstances that would excuse a court from failing to give notice to defense counsel of the contents of a substantive jury note (see generally Mack, 27 NY3d at 538). Finally, contrary to the People’s contention, “[w]here a trial transcript does not show compliance with O’Rama’s procedure as required by law, we cannot assume that the omission was remedied at an off-the-record conference that the transcript does not refer to” (People v Walston, 23 NY3d 986, 990 [2014]; see People v Owens, 144 AD3d 1510, 1510-1511 [2016]). The presumption of regularity cannot be applied when the alleged error is that the court failed to apprise defense counsel of the contents of a jury note, and the record “must indicate compliance with adequate procedures under O’Rama” (Silva, 24 NY3d at 300). We therefore reverse the judgment and grant a new trial on counts one through three of the indictment. In light of our determination, there is no need to address defendant’s remaining contentions.
All concur except Peradotto, J., who dissents and votes to affirm in accordance with the following memorandum.